IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY T. HENDREX, | ) | CASE NO. 4:11 CV 1779 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN TIM BUCHANAN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Jeremy T. Hendrex for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Hendrex is incarcerated at the Grafton Correctional Institution in Grafton, Ohio,[3] where he is serving an eight-year sentence imposed in 2009 by the Trumbull County Court of Common Pleas after Hendrex's conviction at a jury trial of child endangering and felonious assault.[4]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered November 7, 2011.

[2] ECF # 1.

[3] Hendrex was held at the Lorain Correctional Institution at the time he filed this petition, but has since been transferred. *See*, ECF # 8 at 1 n.1 (transfer from Lorain to Ross); *see also*, www.drc.ohio.gov (current status).

[4] ECF # 1 at 1.

Hendrex now raises four grounds for relief.[5] The State, in its return of the writ, argues that three of Hendrex's grounds, and a portion of the fourth, should be dismissed as procedurally defaulted, and that the remaining portion of the last claim should be denied after AEDPA review.[6] Hendrex has filed a traverse,[7] to which the State replied.[8]

For the reasons that follow, I will recommend that Hendrex's petition be dismissed in part and denied in part.

## Facts

**A.    Background facts, trial, and sentence**

*1.    Background facts*

The background facts are extensively set forth by the Ohio appeals court[9] but are essentially straightforward.

---

[5] *Id.* at 6-13.

[6] ECF # 8 at 13-33.

[7] ECF # 27.

[8] ECF # 28.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

Hendrex had been living with a girlfriend,[10] Shari, in a trailer outside of Youngstown, Ohio, when, in July, 2007, they became parents of a girl, A.J.[11] Shari worked part-time as a van driver for the local transit authority while Hendrex was unemployed and looked after A.J., occasionally selling cookbooks on eBay that he bought at flea markets and garage sales.[12]

In September, 2007 Shari noticed A.J.'s arms begin to shake, followed in a few hours by nausea and then more violent shaking of A.J.'s arms and legs.[13] Upon being taken to an area hospital, A.J.'s shaking became uncontrollable, and she was life-flighted to the Cleveland Clinic. There a CAT scan showed bleeding in her brain caused by severe trauma.

Testimony at trial from Dr. Gary Hsich, a Cleveland Clinic pediatric neurologist, was that A.J. sustained two separate skull fractures, including one to a relatively strong portion of the bone that would require significant trauma to produce because it is difficult to

---

[10] During this time, Hendrex was also secretly seeing another woman whom he would later marry around the time of the incident at issue here. *See*, ECF # 7, Attachment 1 (state court record) at 169.

[11] *Id.* at 168. The minor child is identified here by her initials, as in the State's return of the writ, although her full name is used in other places in the record.

[12] *Id.*

[13] *Id.* at 169-70.

fracture.[14] Dr. Hsich further testified that A.J.'s injuries were "acute" – *i.e.*, sustained within the past few hours – due to the presence of fresh blood in A.J.'s brain.[15]

Dr. Hsich also testified that nothing in A.J.'s medical records provides an alternative basis for her injuries, since a pediatric examination only two weeks prior to A.J.'s hospitalization showed no injuries and normal development.[16]

A.J. was left blind, with severe permanent developmental and learning problems, including difficulty walking and talking, with an ongoing risk of seizures.[17]

## 2.    *Trial and sentence*

In 2009, Hendrex was charged with child endangering and felonious assault.[18] At a jury trial Hendrex testified that A.J.'s injury occurred when he tripped while carrying her and then attempted to throw her onto the couch so she would not hit the floor.[19] As a result, A.J. struck her head on an exposed wooden arm of the couch.[20]

---

[14] *Id.* at 173.

[15] *Id.* at 174.

[16] *Id.* at 175.

[17] *Id.* at 174.

[18] *Id.* at 168.

[19] *Id.* at 176.

[20] *Id.*

The jury found Hendrex guilty on both charges, and the trial court sentenced him to eight years in prison on each count.[21] On August 24, 2009, the trial judge then granted the motion of the State to merge the counts as related and allied offenses.[22]

## B.    Direct appeals

### 1.    *Appeals court*

On September 21, 2009, Hendrex, through different counsel than at trial, timely[23] appealed his conviction and sentence.[24] In his brief, Hendrex raised the following four assignments of error:

> Assignment of Error I: The defendant appellant was denied his right to due process of law when he was convicted for felonious assault and child endangering based upon insufficient evidence and it was plain error for trial counsel not to have renewed a motion for judgment of acquittal at the close of the evidence.

> Assignment of Error II: The defendant appellant was denied due process of law when he was convicted of felonious assault and child endangering against ht manifest weight of the evidence.

> Assignment of Error III: The defendant-appellant was denied due process of law and prejudiced when the trial court failed to provide a written copy of the jury instructions a violation of Ohio Rule of Criminal Procedure 30.

---

[21] *Id.* at 177.

[22] *Id.*

[23] As stated, the notice of appeal was filed 23 days after the conviction and sentence were final. Thus, according to Ohio Appellate Rule 4(A), the notice of appeal was timely filed.

[24] ECF # 7, Attachment 1 at 51-53.

Assignment of Error IV: The trial court erred to the prejudice of the defendant/appellant and denied the defendant/appellant his right to present a defense when it excluded defense exhibits B, C and D.[25]

The State filed a responsive brief,[26] to which Hendrex replied.[27] On June 21, 2010, the Ohio appeals court overruled all of Hendrex's assignments of error, affirming his conviction and sentence.[28]

**2.  *Supreme Court of Ohio***

Hendrex, through counsel, then filed a timely[29] notice of appeal with the Supreme Court of Ohio.[30] In the memorandum in support of jurisdiction, Hendrex raised a single proposition of law:

Proposition of Law No. 1: A Defendant is denied due process of law under the United States and Ohio Constitutions and Pursuant to *Jackson V. Virginia* (1979), 443 U.S. 307 when he is convicted of felonious assault and child endangering based upon insufficient evidence after qualified experts disagree as to the diagnosis of the child victim.[31]

---

[25] *Id.* at 61.

[26] *Id.* at 120-50.

[27] *Id.* at 155-66.

[28] *Id.* at 167-90.

[29] The notice of appeal was filed August 4, 2010, or 45 days after the decision of the appeals court was entered. Thus, the notice was timely under Ohio Supreme Court Rule of Court.

[30] ECF # 7, Attachment 1 at 191-92.

[31] *Id.* at 201.

The State filed a memorandum in opposition.[32] On October 27, 2010, the Supreme Court of Ohio declined jurisdiction and dismissed the appeal.[33] The record does not indicate that Hendrex then sought a writ of certiorari from the United States Supreme Court.

## C.    Post-conviction proceedings

### 1.    Petition

While his direct appeal was still pending, Hendrex, through his appellate counsel, filed a petition in the Ohio trial court seeking post-conviction relief on the grounds that he had been denied a fair trial and received ineffective assistance of trial counsel.[34] The State moved to dismiss the petition.[35] Without a hearing and without explanation, the common pleas court then dismissed the petition.[36] Hendrex then moved for the court to issue findings of fact and conclusions of law related to the decision to dismiss,[37] which the court then provided.[38]

---

[32] *Id.* at 233-47.

[33] *Id.* at 248.

[34] *Id.* at 249-60.

[35] *Id.* at 323-40.

[36] *Id.* at 341.

[37] ECF # 8, Attachment 1 at 342-43.

[38] *Id.* at 344-53.

## 2.      *Appeals court*

Hendrex, through counsel, appealed the denial of his post-conviction petition.[39] In his supporting brief, he raised a single assignment of error:

> The trial court erred in denying defendant petitioner's petition for post-conviction relief without a hearing.[40]

The State filed a brief in opposition,[41] to which Hendrex replied.[42] On March 31, 2011, the appeals court then affirmed the judgment of the trial court, overruling the assignment of error.[43]

## 2.      *Supreme Court of Ohio*

On May 11, 2011, Hendrex, *pro se*, filed a timely[44] notice of appeal with the Supreme Court of Ohio.[45] That same day, Hendrex filed a memorandum in support of jurisdiction raising the following proposition of law:

---

[39] *Id.* at 354-56.

[40] *Id.* at 379.

[41] *Id.* at 394-420.

[42] *Id.* at 421-27.

[43] *Id.* at 443-60.

[44] As stated, the notice of appeal was filed 41 days after the judgment and is thus timely under the applicable rule cited earlier.

[45] *Id.* at 462-64.

Proposition of Law No. 1: Prejudice results and the right to a fair trial is denied when an attorney admits through a sworn affidavit that the choosen [sic] trial strategy used was inconsequential to the facts of the states [sic] case[46]

The State filed a brief in opposition.[47] The Ohio Supreme Court denied leave to appeal and dismissed the appeal on September 21, 2011.[48] The record does not indicate that Hendrex sought a writ of certiorari from the United States Supreme Court.

## D.    Federal habeas petition

Approximately one month before the final decision of the Ohio Supreme Court on his timely filed post-conviction petition, Hendrex, *pro se*, filed the present petition for federal habeas relief.[49] In that petition he asserts the following four grounds for relief:

GROUND ONE: Denied due process of law when convicted for felonious assault and child endangering based upon insufficient evidence and it was plain error for trial counsel not to have renewed a motion for judgement [sic] of acquittal.

GROUND TWO: Denied due process of law when convicted of felonious assault and child endangering against the manifest weight of the evidence.

GROUND THREE: Defendant was denied due process of law and prejudiced when the trial court failed to provide a written copy of the jury instructions a violation of Ohio Rule of Criminal Procedure 30.

---

[46] *Id.* at 477.

[47] *Id.* at 501-17.

[48] *Id.* at 518.

[49] ECF #1.

-9-

GROUND FOUR: Trial court erred to the prejudice of the Defendant and denied the Defendant his right to present a defense when it excluded defense exhibits B, C and D.[50]

As noted above, the State filed a return of the writ arguing that grounds two, three, and four, as well as a portion of ground one, are procedurally defaulted and should be dismissed or alternatively be dismissed as non-cognizable.[51] It further argues that the remaining part of ground one concerning insufficiency of the evidence should be denied on the merits after AEDPA review because the decision of the Ohio appeals court on this issue was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia.*[52]

Hendrex filed a traverse[53] to which the State replied contending that Hendrex's arguments in his traverse about ineffective assistance of trial counsel should not be addressed because they were not raised in the petition.[54]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

---

[50] *Id.*

[51] ECF # 8 at13-24.

[52] *Id.* at 25-33.

[53] ECF # 27.

[54] ECF # 28.

1.      There is no dispute that Hendrex is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Hendrex meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[55]

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[56]

3.      In addition, my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[57]

4.      Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[58]

5.      Finally, Hendrex has not requested the appointment of counsel in this matter,[59] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[60]

---

[55] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[56] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[57] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Hendrex previously filed a motion for appointment of counsel so as to assist him in preparing a habeas petition. Case No. 1:11mc51. That motion was denied.

[58] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[59] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases. But a request for counsel in the prior filing was denied.

[60] 28 U.S.C. § 2254(e)(2).

**B.    Standards of review**

*1.    Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[61]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[62]

---

[61] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[62] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[63]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[64] In addition, a showing of actual innocence may also excuse a procedural default.[65]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[66] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[67] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[68]

---

[63] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[64] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (citations omitted).

[65] *Id.*

[66] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[67] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[68] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[69] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[70]

**2.    *AEDPA review***

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[71]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[72] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

---

[69] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[70] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[71] 28 U.S.C. § 2254(d).

[72] *Williams v. Taylor*, 529 U.S. 362 (2000).

differently than this Court has on a set of materially indistinguishable facts."[73] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[74]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[75] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[76]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[77] and "highly deferential" to the decision of the state court.[78] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

---

[73] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[74] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[75] *Williams*, 529 U.S. at 411.

[76] *Id.* at 409.

[77] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[78] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

decision."[79] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[80]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[81]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[82] Then, the federal court must review the claim *de novo*.[83]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[84] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-

---

[79] *Harrington*, 131 S. Ct. at 786.

[80] *Id.* at 786-87.

[81] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[82] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[83] *Id.*

[84] *Harrington*, 131 S. Ct. at 784-85.

-16-

law procedural principles to the contrary."[85] In such circumstances, the federal habeas court must give deference to the decision of the state court.[86]

## C.  Application of standards

### 1.  *Part of ground one and all of grounds two, three and four are procedurally defaulted and should be dismissed*

As the preceding procedural review establishes, Hendrex raised only a single claim of insufficiency of the evidence to the Supreme Court of Ohio on direct review. Further, the only issue brought to the Ohio Supreme Court as regards the post-conviction petition concerns the choice of trial strategy, and not the ineffective assistance argument raised in ground one concerning a failure to renew a motion for acquittal. Thus, all the rest of the current federal habeas claims were never presented to the Supreme Court of Ohio in the direct appeal from conviction and sentence.

As the State observes, Hendrex knew of these claims since he presented them to the Ohio appeals court, but he abandoned them in the subsequent appeal to the Supreme Court of Ohio. Because of Ohio's *res judicata* doctrine,[87] which is recognized as an adequate and independent state law basis for foreclosing federal habeas relief,[88] these abandoned claims may not now be presented to the Ohio Supreme Court and will bar subsequent review in a

---

[85] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[86] *Brown*, 656 F.3d at 329.

[87] *State v. Perry*, 10 Ohio St. 2d 175, 175-76, 226 N.E.2d 104, 105-06 (Ohio 1967).

[88] *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

-17-

federal habeas court. Accordingly, without cause to excuse that failure the fact that  these claims were not raised to the Ohio Supreme Court on direct appeal or a showing of actual innocence, Hendrex's failure to provide Ohio courts with a full opportunity to review these claims renders them subject to dismissal as procedurally defaulted.

Hendrex in his traverse does not offer any cause for the failure to raise these issues to the Ohio Supreme Court, nor does he present a claim of actual innocence. Rather, read most favorably to Hendrex, the traverse presents an argument that trial counsel should have pursued a different theory of the case that could have "undermined the state's theory [of the case] thereby proving [sic] reasonable doubt."[89] As the State notes, this argument is different from the ineffective assistance claim of ground one that trial counsel should have renewed a motion for acquittal. And as concerns any excuse for procedural default, the State notes that this argument over trial strategy was rejected in the post-conviction proceedings on the basis of *res judicata*, because the facts supporting it appear on the trial record and yet the claim was not made on direct appeal.[90]

So understood, this argument in the traverse does not provide any cause to excuse Hendrex's failure to raise the claims here on appeal. Further it is not a claim of actual innocence as that term is understood in the context of procedural default, but merely an

---

[89] ECF # 27 at 3.

[90] *See*, ECF # 28 at 2-3 (citing record).

assertion that a different trial strategy might have produced an acquittal based on reasonable doubt.

Therefore, after viewing the facts here under the applicable rubric of procedural default, I recommend dismissing all but the sufficiency of the evidence portion of ground one, and all of grounds two, three, and four.

**2.** **_The portion of ground one raising an issue of insufficiency of the evidence should be denied on the merits after AEDPA review._**

In this section of ground one Hendrex contends that his convictions for felonious assault and child endangering were not based on sufficient evidence.

The Ohio appeal court when it addressed this claim first set out the elements of what was required to convict Hendrex under each count:

> In order to convict appellant of endangering children, the state was required to prove that he recklessly abused a child and that the child abuse resulted in serious physical harm. In order to convict appellant of felonious assault, the state was required to prove appellant knowingly caused serious physical harm to A.J. Appellant does not dispute that A.J. sustained serious physical harm. Instead, he argues the evidence was insufficient to prove that he inflicted the baby's injuries. Specifically, he argues that no direct testimony was presented that appellant knowingly or recklessly injured A.J.[91]

Thus, as to the specific evidence supporting a finding that Hendrex was responsible for the undisputed serious injuries to A.J., the state appellate court reviewed that evidence as follows:

---

[91] ECF # 8 at 30-31.

In summary, the state offered the testimony of two Cleveland Clinic physicians, each of whom testified that A.J.'s injuries were the result of an inflicted head injury or shaken baby syndrome and not an accident. Further, the jury was entitled to infer that appellant, as the sole caregiver at the time A.J. became symptomatic, was the person responsible for inflicting the injuries to her head. Finally, the state presented sufficient evidence to establish that appellant acted knowingly and recklessly when he injured his daughter. Appellant admitted that he intentionally, i.e., purposely, threw A.J. three feet toward a couch that, according to his admission, he knew had its wood frame exposed and thus would have been dangerous to the baby. When recklessness or knowledge suffice to establish an element of an offense, then purpose is also sufficient culpability for such element.[92]

The Ohio court then applied the clearly established federal law of *Jackson* to conclude that above evidence, viewed most favorably to the State, could have led the jury to find beyond a reasonable doubt that Hendrex was guilty of child endangering and felonious assault:

Accordingly, in construing the evidence in a light most favorable to the prosecution, we hold that sufficient evidence was presented for the jury to conclude beyond a reasonable doubt that appellant was guilty of child endangering and felonious assault.[93]

After reviewing the Ohio court's decision in light of the clearly established federal law concerning sufficiency of the evidence, I recommend denying that portion of ground one here as being not an unreasonable application of that law.

---

[92] *Id.* at 32.

[93] *Id.*

-20-

**Conclusion**

For the foregoing reasons, the petition of Jeremy T. Hendrex for a writ of habeas corpus should be dismissed in part and denied in part as more fully set forth above.

Dated:  November 4, 2013                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[94]

---

[94] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).